## BUCKEYE UNION CASUALTY CO. v OELSCHLAEGER

Ohio Appeals, 1st Dist, Hamilton Co

No 5927. Decided Feb 28, 1941

C. Gordon Walker, Cincinnati, for appellant

Pogue, Hoffheimer & Pogue, Cincinnati; J. A. Culbertson, Cincinnati, and Harry M. Hoffheimer, Cincinnati, for appellee.

## OPINION

By MATTHEWS, PJ.

This is an action by an insurer to recover as subrogee of an insured owner of an automobile against the defendant who was the operator of an automobile that came into collision with the insured's automobile.

The plaintiff alleged that as the driver of the insured's automobile was about to pass the defendant on Ferguson Road in Cincinnati, the defendant, without giving any warning of his intention so to do, operated his automobile by turning to the left in such a negligent manner as to cause it to collide with the insured's automobile.

After admitting certain allegations not necessary to enumerate here, the defendant denied generally the allegations of negligence, damage and right of the plaintiff to maintain the action. No defense of contributory negligence was alleged.

At the trial the evidence showed that the insured's automobile was being operated by her son at the time of the collision. There was no evidence that he was acting as her agent in so doing.

At the close of the plaintiff's evidence, the defendant moved for an instructed verdict on the ground that there was no evidence of negligence on defendant's part. The court sustained the motion. Judgment was rendered on the instructed verdict and it is from that judgment that this appeal was taken.

The sole question presented by the record and the briefs is, whether the court was justified in instructing a verdict for the defendant at the close of the plaintiff's evidence.

As the insured was not present at the scene of the collision and there was no evidence that the operator of her automobile was acting as her agent in so doing, there could be no possible inference of contributory negligence.

The question then is, whether there is any substantial evidence of negligence by defendant directly causing or contributing to the direct cause of this collision.

There is evidence that as the front of the insured's automobile was about opposite the rear wheels of the defendant's automobile, the defendant without warning, and notwithstanding the warning given by the operator of the insured's automobile, proceeded to turn to the left onto the left side of the road.

The court certainly cannot say as a matter of law that such conduct was an exercise of due care under the circumstances.

But it is said that assuming negligence, the evidence shows that it was not the proximate cause of the collision. The operator of the insured's automobile testified that the automobile could

514

have been stopped within twenty feet and that the collision took place at least thirty-five feet, and possibly fifty feet, from the point where he first noticed the defendant turning to the left. From this, counsel would have us draw the inference as a matter of law that the sole cause of the collision was the failure of the operator of the insured's automobile to apply the brakes and stop the automobile before the collision. In retrospect, it appears that the collision would have been avoided by so doing, but the question before the court on the motion for an instructed verdict at the close of the plaintiff's evidence requires that the conduct of the parties be weighed in the light of the changing scene of the occurrence. So weighed, we do not believe that only the one reasonable inference that the sole direct cause of this collision was the failure of the operator of insured's automobile to stop before reaching the point of collision, is permissible.

To reach the conclusion that the failure to stop was the sole cause, it is necessary to ignore many details disclosed by the evidence, among others, that the operator of insured's automobile was veering to the left as defendant veered and had succeeded in passing defendant's automobile so that it was the front of the defendant's automobile that struck the right rear fender of the insured's automobile. It certainly is not an unreasonable inference that this could not have happened had not the defendant continued to turn to the left after he knew or should have known that if he did so a collision would be inevitable, and that in so doing the defendant had failed to exercise reasonable care, either causing or contributing to cause the collision.

While there is no conflict in the evidence, it is our opinion that conflicting inferences may reasonably be drawn from this evidence, and, that, therefore, it presented an issue of fact for the jury to decide.

For these reasons, the judgment is reversed, and the cause remanded for further proceedings according to law.

ROSS and HAMILTON, JJ., concur.